IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE KARINA LEE HOWE,

    Debtor.
_____/

KARINA LEE HOWE,

    Appellant,

  v.

PNC MORTGAGE,

    Appellee.
_____/

No. C 15-03876 JSW

**ORDER REMANDING EMERGENCY MOTION FOR STAY PENDING APPEAL TO BANKRUPTCY COURT FOR CONSIDERATION**

Docket No. 7

    On October 22, 2015, Appellant filed an emergency motion for stay pending appeal. In the motion, Appellant seeks relief on an emergency basis because the bankruptcy estate is to be liquidated by November 30, 2015, and the marketing of the real properties at issues is already underway. The motion is based on Appellant's contention that a conflict of interest exists for the Bankruptcy Judge and/or the Disbursing Agent because the Disbursing Agent was, until recently, a senior law clerk of the Bankruptcy Judge, and this information was not disclosed to Appellant.

    Appellant did not seek a stay in the bankruptcy court before filing the motion for a stay in this Court. Ordinarily, a party must move first in the bankruptcy court for a stay pending appeal. Fed. R. Bankr. P. 8007(a)(1), (b)(2). This is true even for emergency motions. *See* Fed. R. Bankr. P. 8013(d)(2)(B) (providing that an emergency motion must "state whether all grounds for it were

submitted to the bankruptcy court and, if not, why the motion should not be remanded for the bankruptcy court to consider").

Appellant contends that moving first in the bankruptcy court would be "impracticable" due to the claimed conflict of interest. *See* Fed. R. Bankr. P. 8007(b)(2)(A). This Court disagrees. A motion for recusal or disqualification may be presented in the first instance to the bankruptcy judge whose recusal or disqualification is sought. *See* 28 U.S.C. § 455 (providing that a judge shall disqualify herself under enumerated circumstances); Fed. R. Bankr. P. 5004 Advisory Committe Note to 1987 Amendments ("The bankruptcy judge before whom the matter is pending determines whether disqualification is required."). If a bankruptcy judge may rule on a motion for her recusal or disqualification, then she may also rule on whether a stay pending appeal is warranted due to a question relating to recusal or disqualification.

Accordingly, Appellant's emergency motion for stay pending appeal (Docket No. 7) is REMANDED to the bankruptcy court for consideration in the first instance. The bankruptcy court is requested to set an expedited schedule for the response to the motion and any reply, and to rule at the bankruptcy court's earliest convenience so that this motion is not rendered moot.

If necessary, Appellant may file a renewed emergency motion for stay pending appeal in this Court.

**IT IS SO ORDERED.**

Dated: October 26, 2015

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

for

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2